UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| LUIS ALVAREZ HURTADO, | ) | CASE NO. C07-1741-TSZ |
| Petitioner, | ) ) | |
| v. | ) ) | SUPPLEMENTAL REPORT AND RECOMMENDATION |
| A. NEIL CLARK, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a native and citizen of Peru, who is currently detained by the U.S. Immigration and Customs Enforcement ("ICE") pursuant to an administratively final order of removal that was entered on August 21, 2007. On November 7, 2007, he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, arguing that his detention is unreasonable because he is unable to afford the $7,000 bond amount imposed by the Immigration Judge. (Dkt. 6). Respondent moved to dismiss, arguing that petitioner's detention is lawful and that his bond is a proper condition of release. (Dkt. 12). On April 2, 2008, the undersigned Magistrate Judge issued a Report and Recommendation ("R&R"), finding that because ICE never determined whether petitioner is likely

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -1

to abscond or is a poor bail risk, it is uncertain whether the $7,000 bond amount is reasonable and appropriate given petitioner's circumstances. Accordingly, the undersigned Magistrate Judge concluded that this matter should be remanded to the Immigration Court for further findings on whether the $7,000 bond amount is reasonable and appropriate. (Dkt. 14).

After the R&R was issued, however, ICE conducted a custody review of petitioner's case and determined that petitioner is a flight risk because he has no source of income, no ties to the community, and no stable residence, and that he should be detained without bond. (Dkt. 16). Respondent asserts that because petitioner's custody status has been reviewed, there is no need for an individual determination by an Immigration Judge. On May 20, 2008, the Honorable Thomas S. Zilly issued an Order re-referring this matter back to the undersigned Magistrate Judge for further consideration of the habeas petition. (Dkt. 17).

The Court agrees with respondent that petitioner's habeas petition is moot and should be dismissed. As respondent notes, since his last custody review, petitioner has been detained without bond. Accordingly, petitioner's request that his bond be reduced from $7,000 to $1,500 is now moot as he is no longer eligible for release on bond.

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because petitioner is detained without bond, the Court finds that petitioner's request for a lower bond amount should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Accordingly, I recommend that respondent's motion to dismiss be granted, and that this action be

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -2

01  dismissed with prejudice.  A proposed Order accompanies this Report and Recommendation.

02       DATED this 29th day of May, 2008.

       Mary Alice Theiler
       United States Magistrate Judge

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -3